NONOTUCK SILK COMPANY *vs.* ROBERT J. FAIR.

In an action to recover the price of goods sold, it appeared that upon the bill of parcels accompanying the delivery of the goods was the clause, " Terms cash, 5 per cent. off ; " the defendant introduced evidence of the plaintiff's usage to allow other parties upon similar sales a credit of thirty days, but testified himself that at the time of the purchase this custom was unknown to him. *Held*, that the evidence was improperly admitted.

MORTON, J. This is an action of contract to recover the price of goods sold. The defence relied on was, that the goods were sold on a credit of thirty days, and therefore the suit was prematurely brought.

The plaintiff proved the sale and delivery of the goods, the bill of parcels accompanying the delivery containing the clause, " Terms cash, 5 per cent. off." To meet this *primâ facie* case of the plaintiff, the defendant " offered the evidence of three witnesses as to their own course of dealing with the plaintiff at their place of business in Northampton (none of the witnesses knew of the dealings of the plaintiff with others), for the purpose of showing a custom or usage on the part of the plaintiff with purchasers buying of it in Northampton, by which bills for goods bought for " cash, 5 per cent. off," were not payable till thirty days after date. We are of opinion that the learned judge who presided at the trial erred in admitting this testimony. It was not offered, and was not sufficient, to show a general usage of trade, binding

upon the parties without proof of knowledge. Its purpose was to prove a custom or practice of the plaintiff in its dealings with others.

Evidence of a particular custom or course of dealing of an individual is admitted upon the ground that, being known to both parties, it is presumed that they contracted in reference to it, and it therefore enters into and forms part of the contract. *Loring* v. *Gurney,* 5 Pick. 15. *Stevens* v. *Reeves,* 9 Pick. 198. *Berkshire Woollen Co.* v. *Proctor,* 7 Cush. 417.

But it was admitted by the defendant that the custom which he attempted to prove was not known to him. He could not, therefore, have contracted in reference to it. The evidence admitted, even if it were competent to prove such a custom, (which we do not decide,) was immaterial, and as its admission may have tended to mislead the jury, it furnishes ground for a new trial.

*Exceptions sustained.*

*C. E. Smith,* for the defendant, was first called upon.

*D. W. & H. H. Bond,* for the plaintiff, were not called upon.