JACOB VOORHIS, Jr., Appellant, v. THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondents.

Plaintiff entered into a contract with defendant "for regulating and grading" First avenue, in New York, the entire width; he was to receive a specified price for rock excavation; in earth excavations slopes were provided for, but none in case of rock excavation. The contract contained a clause, that in case any other work not called for in the specification was required to be done in order to carry out its provisions, plaintiff was to do the same without claim for extra compensation, unless it was ordered done by the street commissioner as extra work. In an action upon the contract, plaintiff claimed to recover for rock excavation made outside the lines of the street, in sloping the sides, which the referee found to have been necessary to effect the excavation within the street. *Held*, that the outside excavation was not included in the contract, and as it was only necessary as a means for accomplishing the work contracted for, plaintiff was not entitled to recover therefor.

(Argued June 18, 1875; decided September 21, 1875.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon the report of a referee. (Reported below, 4 Hun, 76; 5 T. & C., 345.)

This action was brought to recover a balance claimed to be due on a contract between plaintiff and defendants for regulating and grading First avenue from Thirty-seventh street to Forty-second street.

The following are the specifications and clauses of the contract:

"SPECIFICATIONS. — For regulating and grading section No. 1, First avenue, from Thirty-seventh street to the center of Forty-second street, where the same is not already done.

*The Work.* — The entire width of the First avenue from Thirty-seventh street to the center of Forty-second street, to be regulated and graded in accordance with the commissioners' grade, as shown upon a profile of said avenue in the

bureau of street improvements, dated 21st August, 1858. The carriage-way and sidewalks to be properly shaped. That portion of the avenue which is above the grade-line so to be excavated and filled in such parts as are below the grade in the manner hereinafter provided; and the surplus earth and rock not used for filling to be removed off the avenue.

Where there is not sufficient excavation to regulate the avenue, the whole amount of excavation will be calculated as filling, whether placed in embankment or otherwise, and the deficiency between excavation and filling will only be allowed for as filling. In all cases the price for excavation must include its removal or filling in embankment where required, or if there should be more rock than required the same to be removed and an equal amount of earth supplied in its place without extra charge.

*Excavation.* — All rock to be taken off two feet below grade, and replaced with earth without extra charge. Boulders will not be allowed for as rock, unless they are of a size to require blasting in order to their removal, which will be determined by the surveyor; no soft or disintegrated rock that can be removed with a pick will be allowed for as rock. The slopes in excavation of earth will be required to have one of base to one of height.

*Embankment.* — In the embankment no rock filling will be allowed within five feet of the center line of the avenue, and none within four feet of the established grade. For the remainder, rock may be used for filling, provided that no rock measuring over two feet in any direction shall be put within fourteen feet of the established grade, and providing that the interstices of all rock filling shall be well and compactly filled with earth. The slopes required for the embankment will be one of base to one of height.

And the said party of the second part hereby further agrees that in case any other work is required to be done in order to carry out the provisions of this agreement, which is not called for in the specification, that he will go on and do the same without any claim for extra compensation

therefor, unless ordered, in writing, by the street commissioner to do the same as extra work, and a price therefor agreed upon previously to its commencement; and if no price shall be mutually agreed upon between the parties hereto, the street commissioner may employ, by contract or otherwise, as he may deem expedient, other persons to do such extra work; and the said party of the second part will not in any way interfere with or molest the persons so employed; and will suspend such part of the work herein specified to such extent, or will carry on the same in such manner as may be ordered by the street commissioner, to afford all reasonable facilities for doing such extra work; and no other damage or claim by the said party of the second part therefor shall be allowed, except such extension of the time specified in this contract as the street commissioner may deem reasonable.

And the said party of the second part hereby further agrees to receive the following prices as full compensation for furnishing all the materials and labor for the faithful performance of the above stipulated work, viz. :

For excavating rock, per cubic yard, including its filling in embankment, where allowed, and the removal of the surplus not required, and the furnishing any earth filling required in place of rock removed, forty-three cents.

For excavating earth, per cubic yard, including its filling in embankment where required, ten and three-fourth cents."

Plaintiff was allowed and paid for all rock excavations within the line of the street. The balance claimed was for rock excavations outside those lines. The referee found, among other things, that it was impracticable properly to regulate and grade the avenue simply by removing the rock within its lines, for that on the west side thereof, even if the wall could have been cut perpendicularly from top to bottom, which it could not have been by any means known to contractors, the edges of the successive strata would, under the action of the weather, as well as from their own weight, crumble away one after another, falling into the street and

endangering the passengers on the sidewalk, until, in the process of time, a natural slope would be formed so great that rocks would no longer fall; and, also, if that on the east side of the wall could have been cut perpendicularly from top to bottom, which it could not have been by any means known to contractors, the strata, deprived of the support from the rock within the street, would, by the angle at which they lay, and by their own weight, have shoved themselves, or have slidden almost immediately into the street.

That it was, in fact, impossible to do the work contemplated in the contract between the plaintiff and the defendants without making a slope on the west side of the avenue, and without removing so much from the east side as would tend to slide in, and that this impossibility was equally known to Mr. Graves, the engineer in charge appointed by the defendants, and to the street commissioner.

The referee directed judgment for the outside excavation at the contract-price. Judgment was entered accordingly.

*John E. Develin* for the appellant. The excavation of the rock on the slope line was necessary to the performance of the contract. (*Sinclair* v. *Tallmadge*, 35 Barb., 602; *Adee* v. *Demorest*, 54 id., 433; *Matthews* v. *Coe*, 49 N. Y., 57; *Austin* v. *N. Y. Stbt. Co.*, 43 id., 75; 2 Pars. on Con., 635, § 2, chap. 3, pt. 2.) Plaintiff was not concluded from recovering by the return of the surveyor in charge of the work. (*Smith* v. *Brady*, 17 N. Y., 173; *U. S.* v. *Robeson*, 9 Pet., 319; *Sherman* v. *Mayor, etc.*, 1 N. Y., 316; *Thomas* v. *Fleury*, 26 id., 26.)

*D. J. Dean* for the respondents. The return of the surveyor of the amount of work done was conclusive between the parties. (*Butler* v. *Tucker*, 24 Wend., 449; 5 id., 520; 3 Paige, 124, 138; 1 Barb. Ch., 173; 7 J. R., 408, 415; 2 J. Ch., 551.)

FOLGER, J. Two things are conceded by the appellant which materially narrow the limit of consideration of the

case. He concedes that the work for which he claims to recover is not extra work, and therefore, that if he may recover for it it is because it is stipulated for in the contract. He concedes that if he had excavated the rock upon perpendicular lines, at just the width of the avenue and down to the grade, he would have performed his contract fully and could not have been compelled to have done more. It follows that the excavation of it with slopes was not within the terms of the contract, nor so in the contemplation of the parties as that the city could insist that it should be done, or the contractor insist upon doing it at the expense of the city. It is found by the learned referee to have been necessary to effect the excavation that the slopes should be made. But it was necessary as a means to an end, not as the end itself. It was more convenient, more easy, cheaper to the appellant, to blast as it were at random, than with strict observance of the exterior lines of width of the street. Unless the making of the slopes was called for by the terms of the contract, or was within the intention and contemplation of the parties, it is not to be said that because they were a necessity to the contractor as a mode of excavation, the city is to be charged with the cost of removing the rock from them, no more than with the expense of other means necessary for him to employ therein. Stress is laid by the appellant upon the fact that his contract is not for excavating rock and earth but for regulating and grading the avenue; that what he agreed to do was to regulate and grade the avenue, and that he was to be paid for all excavation needful to regulate and grade it; he claims that it was not graded until it was, at its surface, brought up or down to the established grade, by excavation or embankment, and that it was not regulated until the embankment was so sloped as that it would not slide away, and the excavation so sloped as that it would not slide in.

Doubtless, that which he gives, is the meaning of grading the avenue; but if that which he gives, is the meaning of regulating the avenue, it is strange that the contract should have been specific as to the angle of slope of the embank-

ment while it was silent as to the slope of excavation, leaving the latter to the whim or convenience of the contractor. But from the use of the word regulate in another part of the agreement, it does not seem that its meaning is other than that of the word grade. Thus, it is stipulated that, " where there is not sufficient excavation to regulate the avenue the whole amount will be calculated as filling ; " which plainly means that where there is not sufficient material excavated to bring up to grade, when used as filling, the part of the avenue which in its natural state is below grade, the whole excavation will be estimated and paid for as filling. To regulate is, as to grade is, by digging down and by filling up — to make an even surface 100 feet in width at the plane determined upon by the city authorities. And the learned counsel for the appellant seems to agree in this interpretation, for it is said upon the points, that the clause of the contract stipulating for an exact slope of excavation of earth and of embankment of earth imposes a duty upon the contractor beyond the mere regulating and grading. It is also suggested that without so removing the rock as to prevent the sliding down of material upon the street it was impossible to shape the carriage-way and sidewalks according to the contract. The contract to properly shape the carriage-way and sidewalks does not include the keeping them free from obstructions afterward ; it has reference to the grade and pitch, or curvature of them respectively.

All that may be said comes to this, that the contractor cannot recover for work not done as part of the result stipulated for, unless it is named in or intended by the contract, and thereby required from him ; that the excavation of these rock slopes was not named in or intended by the contract, and could not have been exacted from him by the city, and was no part of the result agreed for between them.

There are other considerations to be drawn from other parts of the contract and from the circumstances surrounding it when executed and during the performance of it, which need not be adverted to. There were two opinions in the

court below which consider these things and put its decisions on a proper basis.

The order should be affirmed.

All concur.

Order affirmed, and judgment absolute against plaintiff.