## ELI A. SAWTELLE *vs.* THOMAS DREW.

Suffolk.   Nov. 20, 1876. — Mar. 7, 1877.   COLT & AMES, JJ., absent.

In an action for breach of an agreement in writing to hire the plaintiff's house, where the defence was that the plaintiff failed to cleanse the house as he agreed, evidence " that a universal custom and usage prevailed in the locality in which said house was situated, by force of which a lessor was required to cleanse a leased house before the lessee entered into possession of it," is inadmissible, in the absence of evidence that the plaintiff knew of such custom and usage.

CONTRACT for breach of a written agreement to hire the plaintiff's house.   The answer contained a general denial, and alleged that the agreement was " based upon conditions, stipulations and promises " made by the plaintiff, both before and after making the agreement, that the house should be cleansed, and that it was not so cleansed.

At the trial in the Superior Court, *Gardner*, J., against the plaintiff's objection, permitted the defendant to put in evidence tending to prove " that a universal custom and usage prevailed in the locality in which said house was situated, by force of which a lessor was required to cleanse a leased house before the lessee entered into possession of it."   There was no evidence in the case that the plaintiff had any knowledge of the alleged custom and usage, other than that which all persons might be presumed to have, if it did in fact exist.   The defendant contended that, after the agreement was written, the parties made another agreement, by which the cleansing of the house by the plaintiff should be made before the defendant took possession ; and upon this there was conflicting evidence, as there was also on the point whether there was any consideration for this new agreement.   The case was submitted to the jury under instructions not objected to.   The jury returned a verdict for the defendant ; and the plaintiff alleged exceptions.

*S. A. B. Abbott & C. T. Lovering*, for the plaintiff.

*P. Thacher & S. Thacher*, for the defendant, submitted the case without argument.

LORD, J.   It is altogether probable that the ruling complained of in this case was wholly immaterial and had no influence upon its decision.   It does not, however, so certainly appear upon the

bill of exceptions as to authorize the court to say that it could have had no such influence. The evidence to which objection is made related to a custom or usage, and it is necessary to apprehend precisely what was the custom which the defendant offered to prove; and it is offered in these words, " that a universal custom and usage prevailed in the locality in which said house was situated, by force of which a lessor was required to cleanse a leased house before the lessee entered into possession of it." It would be hypercritical, perhaps, to construe the phrase " the locality in which said house was situated" to mean any other than the vicinity or neighborhood, or perhaps town or city, in which the house was. Giving the phrase this construction, we are to inquire : First, Is this the subject of a custom? And, Second, If it be a proper custom, is it one of which all parties are bound in law to take notice?

A custom, within the meaning of the law, if general, is incorporated into and becomes a part of every contract to which it is applicable; if local, of every contract made by parties having knowledge of or bound to know its existence. It must be certain, definite, precise and unvarying. That is not necessarily a custom, which is merely the ordinary mode of doing business; nor is a general habit or practice a custom. There is a great variety of things, which, in the ordinary transaction of business, are habitual and usual, but which are in no sense customs which, in law, are incorporated into and become parts of the contract entered into. When, therefore, there is offered to be proved a custom which is a part of the contract, it becomes necessary to look carefully to the exact language of the tender.

In examining the language, in which the offer to prove a custom in this case is made, we find it to be this : "A lessor is required to cleanse a leased house before the lessee enters into possession of it." This language implies that the contract has already been entered into and that the relation of lessor and lessee exists. Ordinarily, this would perhaps be too rigid a rule to apply to the construction of a bill of exceptions; but we are dealing with a matter which requires the utmost precision; for if a party is to be bound by an engagement by force of " a custom " into which he has entered only by implication, it is essential to know exactly what the implication is.

To deal, however, with the matter as was probably intended, and assuming the custom, of which tender of proof was made, to be that, when a contract for a lease has been actually entered into, the lessee may by custom avoid the contract, if the lessor does not cleanse the house before the lessee takes possession: Could such a custom be pleaded in bar to any action on the lease? We think not; it is a stipulation to perform a certain act, after the consummation of the contract between the parties. If we construe the tender as an offer to prove a custom that no contract or letting is consummated until the lessor shall have cleansed the house, could it then stand as "a custom?" The custom is applicable to all leases, written or verbal. Would it be consistent with the lease itself? Take the ordinary case of a lease and its counterpart duly executed, would it be consistent with the lease itself, and with the rules of law regulating contracts with reference to real estate, to permit a custom to be proved that something is subsequently to be done in order to create the relation of landlord and tenant? or to prevent the lessee from denying that he had entered into the agreement? These considerations are of no importance in the decision of the case before us. The offer is of a custom to cleanse the house before the lessee takes possession; not of a custom that the house shall be in a cleansed condition. What constitutes the cleansing of a house? What is the standard of cleanliness? A custom, to have the force of law, must be certain, definite and uniform. It must be susceptible of being understood by all parties in the same sense. Without deciding whether any custom, well defined, may affect a written contract of lease, or whether the custom set up in this case would, if general, be sufficiently certain and definite to affect the contract between the parties, we are of opinion that the offer was of so peculiarly a local custom as to require the defendant to prove the plaintiff's knowledge of it. There is nothing to lead us to doubt the accuracy of our conclusion in the fact that at the trial the defendant contended that the parties made another agreement by which the cleansing of the house by the plaintiff should be made before the defendant took possession, upon which there was conflicting evidence. However probable it may seem to us

that the plaintiff suffered no injustice in the introduction of the testimony, we are compelled to decide that the

*Exceptions must be sustained.*