## THE LUCILLE MANOR.

### RAMSAY v. THE LUCILLE MANOR

(District Court, S. D. New York. October 8, 1895.)

DAMAGES—CONTRACT FOR REPAIRS—IMPERFECT PERFORMANCE—ON REMOVAL BY OWNER NO FORFEITURE.

Upon a contract to repair a yacht for $359, no definite time being fixed for completion, the owner being in haste to obtain possession, and the contractor being somewhat dilatory, and difficulties arising in repairs, the owner took possession before the work was finished. *Held*, not a case for forfeiture of all compensation, it not appearing that the delay was willful or considerable, or that the work done was not of substantial value; and the contractor was allowed the contract price, less a liberal deduction for the incomplete work.

This was a libel by Hugh Ramsay against the steam yacht Lucille Manor to recover compensation for repairs. The cause was referred to a commissioner, to whose report exceptions have been filed.

Hyland & Zabriskie, for libelant.
Richard J. Lewis, for claimant.

BROWN, District Judge. The commissioner's report shows careful consideration of the principal subjects in controversy. The exceptions to his report I must overrule, except as respects the disallowance of the contract work called for by the letters of October 12th and 13th, amounting to $359.

The claimant was anxious to have the repairs completed speedily, so that he could leave with the yacht before the close of navigation, and no doubt there was this general understanding between the parties. But the letters by which the contract was made did not specify any fixed date for finishing the work. The claimant afterwards gave notice that he must have possession by November 1st. In the meantime, however, considerable extra work was ordered, which was done, and which has been allowed for by the commissioner.

On the night of the 2d of November, the claimant took possession of the yacht, and afterwards removed her to Brooklyn, where the incomplete work upon the pump and condenser—the most important single items—was finished. The defendant proved the cost of finishing the principal items, viz., additional dockage, $10; work on the pump in Brooklyn, $65, and $12.72 paid to the expert Schantz for work before the boat was taken to Brooklyn. These are all the expenses of completion that have been pointed out by the claimant's counsel in the voluminous testimony, in response to my inquiries for the proofs upon this subject. I understand, however, that there was an additional valve put in; but whether that is embraced in the Brooklyn expense or not, is not clear. Faults are found with various other items of the work as imperfectly done; but the testimony indicates that these imperfections, although numerous, if claimant's testimony is true, and perhaps annoying, were comparatively trivial.

On the whole, I infer from the evidence that $150 would certainly fully cover all the defects in the contract work, and all the expense of the claimant in completing it according to the contract, including towage; and the referee has found that no damage arose from the delay.

As the contract by letter did not make completion at any fixed date of the essence of the contract, no subsequent notice by the claimant could introduce that element into the contract so as to work a forfeiture by the libelant of all compensation for what beneficial work he did, because all was not done at the time desired. The libelant never refused to complete the work; nor did he stop work, until the claimant interfered, under the stress, indeed, of his own desire to sail speedily, and took the completion of the work out of the libelant's hands. This is sufficient to prevent the defendant's appropriation of beneficial work without compensation, and the application of

that rule of forfeiture which is justly applied in cases of a willful neglect or refusal to perform a contract.

The commissioner's report does not find that the work done was of no benefit to the claimant. There were many different and independent items of work. Aside from the pump and condenser, there was a general performance and completion of the contract, though the evidence shows that some items were poorly done, so as to entitle the claimant to recoup the amount necessary to make them good. It was for the defendant to show what these defects would amount to, and he proved the cost of finishing the most important. The answer raises no issue of forfeiture, nor does it allege that what was done on the contract work was of no material value.

Upon the evidence, I think full justice will be done to the defendant by the allowance of $150, as above stated, for the defects in the contract work, and by the addition, therefore, to the commissioner's report, of the contract price, less $150, viz., $209, with interest from November 2, 1894. With this amendment, the report is confirmed.