### McDONOUGH v. EVANS MARBLE CO.

(Circuit Court of Appeals, Sixth Circuit. January 7, 1902.)

#### No 990.

1. PLEADING—COUNTERCLAIM—STRIKING OUT.

In an action to recover for materials furnished a contractor to be used in the construction of a county building, defendant, by answer and cross petition by way of counterclaim, alleged a conspiracy between plaintiff, the county commissioners, and others to prevent defendant from carrying out his contract, and· that the county commissioners, "pretending" that the defendant was unable to finish his contract within the time fixed by reason of not having sufficient material there, declared said contract forfeited," but did not allege that there was in fact a failure to deliver material which prevented him from performing his contract within the time. *Held*, that there was no error in striking out such counterclaim.

2. SAME—REPLY—SUFFICIENCY.

Where, in an action to recover for materials, the answer sets up a contract, and avers plaintiff's failure to perform, and claiming damages therefor, a reply denying the averments in regard to the contract, and alleging a waiver on the part of the defendant of the time for delivery, and a readiness on the part of plaintiff to deliver, sets up a proper defense to the answer, and should not be stricken out.

3. CONTRACTS—PAYMENTS—CUSTOM—EVIDENCE.

· Where a contractor stated to a material man that this was the first time he had made a subcontract, and did not know what the custom was as to making payments, in an action by such material man to recover for the materials furnished to such contractor it was not error to exclude evidence as to the custom of making payments on contracts of such character, the contract clearly not being made with reference thereto.

4. SAME—PART PERFORMANCE—RECOVERY—CHARGE.

Where a contractor for materials to be used in a building furnishes a large portion of them, which are accepted and used, he may recover the value of such materials, less the damages sustained by reason of his failure to perform the entire contract.

In Error to the Circuit Court of the United States for the Southern District of Ohio.

The defendant in error (plaintiff below, hereinafter referred to as plaintiff), through a correspondence by telegraph dispatches and letters, agreed to furnish 23,000 feet of Italian marble tiling to the plaintiff in error (defendant below, hereinafter called defendant) for 33 cents a foot. This tiling was needed by the defendant for the fulfillment of a contract he had with the

county commissioners of Washington county, Pa., to furnish and lay this tile and perform other marble work in a court house in that county. The defendant ordered and had shipped about January 29, 1900, 10,001.5 feet, on February 21, 1900, 5.208.5 feet, and on February 27, 1900, 4,542.5 feet of tile on the contract, after which no more tile was furnished. In January, before any tile was shipped, the plaintiff wrote, asking about the manner of payments, and on January 16, 1900, the defendant wrote that he expected to pay as he received estimates on the work, or, if the plaintiff preferred, he would give an order on the county commissioners for the amount of the bill; and he added that, as he had never sublet any materials in his work before, he was ignorant of the custom in making settlements in this respect. The defendant gave an order to the plaintiff on the county commissioners, which they refused to accept, and another on the American Bonding & Trust Company, surety in the contract of defendant with the county commissioners, which it refused to accept. On May 10, 1901, the county commissioners, alleging that the defendant was not carrying on his work in a prompt and diligent manner, declared his contract forfeited under its provisions, and afterwards they let the contract to other parties. The plaintiff endeavored to get a settlement with the defendant, but could not get any communication from him, or excuse why he did not pay its account, until July 20, 1900, when it began this suit to recover the price of the tile furnished under the contract. The answer and cross petition, after a general denial, set up, by way of counterclaim, an alleged conspiracy between the plaintiff and others with the county commissioners and architect to prevent the defendant from carrying out his contract, and alleged that the county commissioners, "pretending that the defendant was unable to finish his contract within the time fixed by his contract with said commissioners, by reason of not having sufficient material there, the said commissioners declared the said contract forfeited." This defense, by way of counterclaim, was stricken out on motion, and an amended answer was filed, in which the contract was set out for delivery of 23,000 feet of tile within 30 days from December 12, 1899, to be paid for out of estimates upon the building in which the tiling was to be put, and a denial that the 23,000 feet were delivered, and, for a second defense, the counterclaim was repeated, leaving out the allegations of conspiracy, and alleging that the plaintiff "did not furnish said twenty-three thousand feet, but only furnished eighteen thousand two hundred and nineteen feet and three inches, quality conforming to the contract, which was put in said building, and then declined to furnish any more, and thereupon, alleging that the defendant was unable to finish his contract within the time fixed by the contract with said commissioners by reason of not having sufficient material there, and his inability to get it in time, the said county commissioners declared the said contract forfeited." A third and partial defense, that 2,556 feet of the tile, worth $652.08, were defective, was added. The plaintiff replied to this answer and cross petition, denying that the tile were to be delivered within 30 days, and, if such were the agreement, it was waived and modified at the request of the defendant, and denied that payment was to be made out of estimates, and averring a willingness to deliver 23,000 feet of tile upon performance of defendant's obligation to pay for tile already delivered. The motion made to strike out these allegations of the reply was denied. At the trial the court declined to allow the defendant to show that there was a well-defined custom that payments for material were to be made from the first estimates received by the contractor. The second defense was taken from the jury, and they were directed to return a verdict for all of the tile not defective that were furnished by the plaintiff at the contract price. The jury returned a verdict deducting the amount claimed for defective tile, and the judgment based on this verdict is brought here on a writ of error.

Stanley Matthews and Whittington Underhill, for plaintiff in error.
Dan Thew Wright, for defendant in error.

Before LURTON and DAY, Circuit Judges, and WANTY, District Judge.

WANTY, District Judge, after making the foregoing statement, delivered the opinion of the court. The defendant's assignments of error all refer to the exclusion of the defendant's second defense from the pleadings and from the consideration of the jury; the refusal of the court below to strike out the allegations relating to waiver of delivery in 30 days, and readiness to perform on the part of the plaintiff; the exclusion of testimony tending to show a well-known and universal custom that, in the absence of an express agreement to the contrary, payments in this class of contracts shall be made from the first estimates furnished the contractor; and the refusal of the court to charge the jury that failure to furnish the whole amount of tile contracted for, precluded a recovery for any part delivered, unless delivery had been waived or prevented by the defendant.

1. The contract provided for furnishing 23,000 feet of tile, and the plaintiff knew that it was ordered for the purpose of being laid in the Washington county court house. None of this tile was shipped within 30 days, as provided in the correspondence, owing to failure on the part of the defendant to furnish shipping directions. It was, however, shipped as ordered by the defendant, who was urged by the plaintiff to send shipping directions, so that the tile might be gotten out of its way. Under the testimony in the case, there seems to be no foundation for the allegation that a failure to furnish tile prevented the defendant from performing his contract with the Washington county commissioners, and in the pleading which was stricken out, and the amended pleading which remained, such an allegation seems to have been carefully avoided. It is alleged that a failure to deliver the tile gave the county commissioners an excuse for their action; and "thereupon, alleging that the defendant was unable to finish his contract within the time fixed by his contract with said commissioners by reason of not having sufficient material there, and his inability to get it in time, the said county commissioners declared the said contract forfeited." This does not allege that a failure to deliver the tile prevented the defendant from fulfilling his contract with the county commissioners, but only that the county commissioners so alleged, and such a defense never seems to have been thought of until this action was commenced. The correspondence in regard to the payment of plaintiff's bill for the tile furnished is devoid of any intimation that all the tile had not been shipped as ordered, or that any failure to ship tile had embarrassed the defendant in fulfilling his contract. If this was the reason payment was not made, it should have been stated when the voluminous correspondence on that subject took place, and not for the first time in a pleading after litigation had begun. Railway Co. v. McCarthy, 96 U. S. 258, 24 L. Ed. 693. There was no error in striking out this defense from the first answer and cross petition, as it was not properly pleaded, and there was no error in taking it from the consideration of the jury on the trial, as there was no evidence to support it.

2. The amended answer set up a contract, and averred plaintiff's failure to perform it, and alleged large damages for such failure, which

were sought to be recovered. The reply, by way of defense, denied the averments of the answer in regard to the contract, and, among other things, averred a waiver on the part of the defendant of the time for delivery of the tile and the amount to be delivered, and averred a readiness on the part of the plaintiff to deliver. This was proper as a defense to the allegations set up by the defendant in its answer, and the court's refusal to strike it out on motion of the defendant was not error.

3. The testimony in regard to the custom of making payments on contracts of this character from the first estimates given the contractor was properly excluded. The proof of such a custom is admissible for the purpose of showing that the contract was entered into with reference to it, and it, therefore, became a part of the agreement. Even if the witnesses were qualified to testify to the existence of such a custom in the trade, the letter written by the defendant, in which he stated that he was ignorant of the custom in making such settlements, made the testimony inadmissible, because it showed affirmatively that the contract was not made with reference to such a custom as he sought to show existed. Evidence of a usage is not admissible if it appears that it was unknown at the time of the contract to the party setting it up and seeking its benefits; for in such a case there would be no presumption that the contract was made with reference to it. Lawson, Usages & Cust. 58; Silk Co. v. Fair, 112 Mass. 354; Daun v. Brewery Co., L. R. 8 Eq. 155.

4. The requests to charge presented by the plaintiff, and refused by the court below, were based on the theory that, the contract being entire, no recovery could be had for the tile delivered, accepted, and placed in the building, unless the delivery of the balance covered by the contract had been waived or prevented by the defendant. These requests are based on the cases which hold that nothing can be recovered for part performance of an entire contract unless full performance has been waived or prevented, which cases are collected in note 19 to section 1032, 2 Benj. Sales, where the more modern rule laid down in Britton v. Turner, 6 N. H. 481, 26 Am. Dec. 713, and followed by the great weight of authority in this country since, is also discussed and approved. This rule is that a party who has failed to perform his contract in full may recover compensation for the part performed, less the damages occasioned by his failure. The contract here was for the sale and delivery of tile, of which 19,752.5 feet were delivered and accepted, and the plaintiff was entitled to payment for the tile actually received and appropriated by the defendant, less the damages occasioned by his failure to deliver the balance. 2 Benj. Sales, § 1032, and the large list of cases cited in note 19; Saunders v. Short, 30 C. C. A. 462, 86 Fed. 225, and cases cited in that opinion.

There was no proof of damages sustained by failure of plaintiff to deliver the remainder of the tile, and the instruction of the court to render a verdict for the tile delivered, less the amount found to be defective, was correct, and the judgment is affirmed.