Atkinson, J.,
delivered the opinion of the court :
This is a suit to recover $1,100 from the United States for removing the wreck of the schooner Lottie K. Friend from the Delaware River near Philadelphia. A petition was filed in this court on the 10th day of August, 1901, to recover $1,100 from the United States on contract. On the 18th day of May, 1903, an amended petition was filed changing the form of actioñ to that of indebitatus assumpsit for a quantum meruit for the value of the work performed.
The contract was made February 18, 1897, by and between Maj. C. W. Raymond, of the United States Army, Corps of Engineers, party of the first part, and Thomas Poynter and Elijah D. Register, parties of the second part, which among other things provides :
“ That said Thomas Poynter and Elijah D. Register shall entirely remove, so as to leave no obstruction to navigation, •the wreck and cargo of the schooner Lottie K. Friend, lying-in the Delaware River near the foot of the Bombay Hook Point Shoal. All parts of the wreck possessing valúe shall be landed where they can be taken charge of by the United States, and all other parts to be removed and so disposed of as not to form any further obstruction to navigation; all in accordance with and subject to all the provisions and requirements of the specifications hereto attached.”
The price to be paid for the work was $1,100 “ upon the satisfactory completion of the same,” and the work was to be completed “ on or before the 25th day of April, 1897.” The usual forfeiture clause for failure to do the work is embodied in the contract. The specifications, or “ special conditions,” attached to the contract provide that “All parts of the wreck shall be entirely removed; ” and it also provides that “ The decision of the engineer officer in charge as to quantity and *449 quality shall be final.” This, however, applies only to the materials used in the prosecution of the work. These are the important and controlling points of the contract which demand consideration by the court. '
Five extensions of time were allowed the complainant to enable him to complete the work of removing the wreck; and finally the work was abandoned by the claimant, who admits that all of the wreck was not entirely removed, but claims that so much of it which was an obstruction to navigation was taken away; and he also shows by competent testimony that he had expended more than the contract price for the work which he had performed before he abandoned the undertaking.
The contract provided for a maximum depth of 30 feet of water where the wreck lay, and some fifty or more soundings were made by the Government inspector that showed only a maximum depth of 26 feet, which ranged downward as low as 20-J feet above some' portions of the wreck. It is perhaps true that the remaining portion of the wreck does not interfere with the navigation of the river by the smaller vessels which ply it, but the testimony clearly establishes the fact that it is dangerous to navigation by the larger ships which seek entrance to the port of Philadelphia. In consequence-of the failure of the claimant to furnish the 30-foot depth required by the contract, the engineer in charge refused to accept the work done by the contractor as a complete compliance with his contract. Hence this suit.
There are but two points in this cause upon which the court is asked to decide:
1. The contract was awarded to Thomas Poynter and Elijah D. ^Register, as joint contractors, and in. August, 1901, a suit was instituted against the United States by Thomas Poynter, one of the contractors, for the recovery of $1,100 under said contract. After the evidence was taken in the case the claimant (Poynter) filed an amended petition, changing the form of the action from a suit on the express contract to the general counts in 'assumpsit for the work done and labor and materials furnished by him, seeking to recover upon a quantum meruit on a contract not completed. In *450 neither of the petitions does the name of Elijah D. Register appear as a party to the action, although he was a joint contractor with Poynter, the party suing; and the only reason assigned for this failure is the fact (which is not denied by the defendants) that Register rendered no service in the undertaking, which left the entire work to be done by Poyn-ter, and he (Register) therefore has no interest whatever in the claim against the Government, and for this reason alone he was not made a party plaintiff in either of the petitions.
2. The important question in the case before us is, Can recovery be allowed for part performance of an entire contract unless full performance has been waived or prevented? In cases where the work done in part performance of a contract is accepted by. the other party or full performance waived thereby recovery may be had. (Pullman v. Corning, 9 N. Y., 93, and Britton v. Turner, 6 N. H., 481, 495.) The claimant in this case undertook to “ entirely remove ” all of the ivrecked vessel from the Delaware River for the sum of $1,100, which amount ivas to be paid by the Government “ upon the satisfactory completion of the same; ” i. e., the removal of the sunken vessel and its cargo. Only a portion of the wreck was removed. The depth of the channel (30 feet) required by the contract was not afforded by the portion of the wreck which ivas removed. The claimant became bankrupt and abandoned his contract of his own volition. The Government, claiming to have received comparatively no benefit from the work which was done and not having waived full performance of the contract, refused to pay any part of the contract price for removing any portion of the wreck.
The law of contracts as laid down in the text-books is briefly this: If A enters into a contract with B to do a certain job of work, and does not do all that he has obligated himself to do, and B commits a breach which amounts to a discharge, A will be entitled to recover on quantum meruit for the value of so much as he has done, provided what is done by A is of a real value to B or can be estimated at a money value. But that is not the case before us. The contract in this case is a completed or entire one, and although the claimant in the *451 suit before ns himself voided the contract before completing it, he brings a suit in indebitatus assumpsit for a quantum meruit for the value of the work performed, and this, too, notwithstanding the fact that he admits that he did not complete his contract.
On this feature of the case alone, it is not disputed that although claimant was financially wrecked in an apparent honest endeavor to complete his contract, he has no standing, in court, and his petition must therefore be dismissed. The evidence clearly shows that the purpose of the Government in removing the wreck was to benefit navigation for deep-draft steamers — those drawing in the neighborhood of 30 feet of water — and inasmuch as this depth of water was not secured by removing only part of. the wreck, the Government certainly received no real benefit or money value for the wreckage that was removed, and consequently should not be required to pay therefor.
The claimant’s counsel cites the following cases upon which he relies, but none of them, in any essential respect, changes the general rule of law of contracts, which is laid down in the test-books: McDonough v. Marble Co. (50 C. C. A., 405, 112 Fed., 634); DerMott v. Jones (23 Howard, 220); R. R. Co. v. Smith (21 Wallace, 255); Ingle v. Jones (3 Wallace, 1, 762); Ramsey v. Manor (70 Fed., 233); Beha v. Ottenberg (6 Mackey, 351). He also cites a number of State decisions along the line of his contention, none of which, however, apply with directness to the case at bar.
Counsel for claimant seems to have overlooked the important fact that the contract in this case is an entire one. No periodical inspections were required to be made. No acceptances of and payments for the work as it progressed were required to be made. It is, on the other hand, however, clearly set forth that the lump sum of $1,100 was to be paid on, and not before, the completion of the work.
Assuming that it may not be essential to make Kegister, one of the parties to the contract, a party plaintiff in this action, we hold that for the reasons set forth above, recovery can not be maintained against the United States. It is therefore ordered that the-petition be dismissed.