(52 Misc. Rep. 533)

GALLICK v. EBLING et al.

(Supreme Court, Appellate Term. February 11, 1907.)

CONTRACTS—CONSTRUCTION—EXTRA WORK.

Where plaintiff agreed to make an excavation of rock for a cellar for a certain price per cubic yard to the satisfaction of defendants' architect, and plaintiff so blasted the rock that rock below the required level was broken up, and the architect required such loose rock to be removed in order to obtain a solid foundation, plaintiff was not entitled to recover for the excavation of such broken rock.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Contracts, §§ 1072, 1073, 1076.]

Appeal from City Court of New York, Trial Term.

Action by Joseph Gallick against Louis M. Ebling and others. From a judgment in favor of plaintiff, defendants appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, MacLEAN, and AMEND, JJ.

Nathan, Leventritt & Perham, for appellants.

J. Power Donellan, for respondent.

MacLEAN, J. In writing and under seal the plaintiff agreed with the defendant for $1.70 per cubic yard inside the building and wall trenches, and for $4 per cubic yard outside of the building, well and

sufficiently to take out the rock at certain premises in the Bronx, agreeably to the architect's drawings and specifications, in a good, workmanlike, and substantial manner, to the satisfaction and under the direction of the architect, to finish all the excavation and blasting, pile up the stones in the rear of the lot where directed, all in size ready for mason use, and clean off said property ready to start mason work, thus in effect agreeing to perform his undertaking for two sums certain, ascertainable by measurements and computations before performance or after it. In performance the plaintiff contractor put the drills down to the very level required "and by blastings blowed below the drilling and broke it up." The rock thus loosened, although below the level required by the drawings and specifications, the architect required cleaned off in the trenches, in order to build the foundations upon solid rock, as plaintiff knew it must be "as a result of his experience as an excavator for 16 years." For the removal, cleaning off, or excavation of the loose rock which came by blasting to a depth uncalled for, the plaintiff charged, and has recovered compensation as for extra work.

This was error. That by the method of doing the work he broke up, and so had to remove, more material than was required or desired, is no ground for extra compensation; but in this case the reverse. The ingenious and ingeniously argued contentions that he could not do the work otherwise than he did, that he did it according to custom, and that performance substantially as agreed would have cost him more, or even too much, avail the plaintiff nothing. It is matter of common observation in this town that rock, seamy and solid, is excavated to depths and lines with noticeable nicety. No custom obtains in derogation of express covenant. What performance according to his undertaking would cost was his lookout before he undertook performance. By providing for its reduction to the amount of really extra work, and some there was, ordered by the architect, the judgment might be modified, and be allowed to stand as modified, but for a counterclaim interposed by the defendants for additional expense to which they were subjected in building the greater amount of foundation wall made necessary by the unnecessary excavation. The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event. All concur.